IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| In re: | Robert Walter Blaszak, Jr., | : | Case No. 5:21-bk-02301-MJC |
| | aka Robert W. Blaszak, Jr. | : | Chapter 13 |
| | aka Robert Walter Blaszak | : | |
| | aka Robert Blaszak | : | |
| | aka Robert Blaszak, Jr. | : | |
| | dba Mr. Sandman Hardwood Floors | : | |
| | aka Robert W. Blaszak | : | |
| | Debtor. | : | |
| | | : | |
| Lendmark Financial Services, LLC, | | : | |
| | Movant, | : | Motion for |
| | v. | : | Relief from Stay |
| Robert Walter Blaszak, Jr., | | : | |
| aka Robert W. Blaszak, Jr. | | : | |
| aka Robert Walter Blaszak | | : | |
| aka Robert Blaszak | | : | |
| aka Robert Blaszak, Jr. | | : | |
| dba Mr. Sandman Hardwood Floors | | : | |
| aka Robert W. Blaszak | | : | |
| Jack N Zaharopoulos (Trustee), | | : | |
| | Respondents. | : | |

ANSWER TO MOTION OF LENDMARK FINANCIAL SERVICES FOR
RELIEF FROM AUTOMATIC STAY

AND NOW COMES Debtor, Robert Walter Blaszak, Jr., by and through his attorneys, Newman Williams, P.C. and in Answer to the Motion of Lendmark Financial Services for Relief from Automatic Stay avers:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied to the extent the averments of paragraph 6 are anything other than a statement or conclusion of law or request for relief that does not require a response.

7. Denied. This paragraph is ambiguous. It is unclear whether Movant is referring to prepetition payments, postpetition payments or both.

8. Denied to the extent the averments of paragraph 8 are anything other than a statement or conclusion of law or request for relief that does not require a response.

9. Admitted.

10. Denied. After reasonable investigation Debtor does not have sufficient knowledge to admit this allegation, and therefore it is denied.

11. Denied. After reasonable investigation Debtor does not have sufficient knowledge to admit this allegation, and therefore it is denied.

12. Denied.

13. Denied. The amount owed as per the Proof of Claim is $3680.69. The Movant values the vehicle at $7525.00.

14. Denied to the extent the averments of paragraph 14 are anything other than a statement or conclusion of law or request for relief that does not require a response.

15. Denied to the extent the averments of paragraph 15 are anything other than a statement or conclusion of law or request for relief that does not require a response.

16. Denied to the extent the averments of paragraph 16 are anything other than a statement or conclusion of law or request for relief that does not require a response.

17. Denied to the extent the averments of paragraph 17 are anything other than a statement or conclusion of law or request for relief that does not require a response.

18. Denied to the extent the averments of paragraph 18 are anything other than a statement or conclusion of law or request for relief that does not require a response.

19. Denied to the extent the averments of paragraph 19 are anything other than a statement or conclusion of law or request for relief that does not require a response.

20. Denied to the extent the averments of paragraph 20 are anything other than a statement or conclusion of law or request for relief that does not require a response.

WHEREFORE, Debtor, Robert Walter Blaszak, Jr., respectfully prays this Honorable Court for an Order that the Motion of Lendmark Financial Services for Relief from Automatic Stay be denied and for such other and further relief as the Honorable Court deems just and appropriate.

**NEWMAN WILLIAMS, P.C**.

By: Robert J. Kidwell, Esquire
   Attorneys for Debtor
   PO Box 511, 712 Monroe Street
   Stroudsburg, PA 18360
   (570) 421-9090; fax (570) 424-9739
   rkidwell@newmanwilliams.com